UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| BILLIE HALE,              ) | |
|                           ) | |
|     Plaintiff,      ) | |
|                           ) | |
| vs.                       ) | No. 1:12-CV-00188 SNLJ |
|                           ) | |
| JACKIE COOPER,            ) | |
|                           ) | |
|     Defendant.      ) | |

**MEMORANDUM AND ORDER**

Plaintiff is an inmate at the Southeast Correctional Center ("SECC") in the Missouri Department of Corrections. He alleges that defendant Jackie Cooper, who is employed at SECC, read his legal mail. Currently pending before the Court are (1) plaintiff's motion for extension of time to pay filing fee (#11),(2) plaintiff's motions to appoint counsel (#7, #20, #23), and (3) defendant's motion for summary judgment (#17).

**I.      Defendant's Motion for Extension of Time to Pay Filing Fee (#11)**

Plaintiff's motion to extend the time for his filing fee shall be granted.

**II.     Defendant's Motions to Appoint Counsel (#7, #20, #23)**

Plaintiff claims he is unable to afford counsel and that he is illiterate and therefore unable to litigate his case. The appointment of counsel for an indigent *pro se* plaintiff lies within the discretion of the Court. Indigent civil litigants do not have a constitutional or statutory right to appointed counsel. *Stevens v. Redwing, et. al.*, 146 F.3d. 538, 546 (8th Cir. 1998); *Edgington v. Mo. Department of Corrections*, 52 F.3d. 777, 780 (8th Cir. 1995); *Rayes v. Johnson*, 969 F.2d. 700, 702 (8th Cir. 1992). The standard for appointment of counsel in a civil case involves the

weighing of several factors which include the factual complexity of a matter, the complexity of legal issues, the existence of conflicting testimony, the ability of the indigent to investigate the facts, and the ability of the indigent to present his claim.  *See McCall v. Benson*, 114 F.3d 754 (8th Cir. 1997); *Johnson v. Williams*, 788 F.2d. 1319, 1322-1323 (8th Cir. 1986).

Although plaintiff has stated and provided deposition testimony stating that he is illiterate, the plaintiff has previously shown that he is able to litigate his claim (apparently with help from someone else).  Further, this action appears to involve straightforward questions of fact rather than complex questions of law, and plaintiff's own communications with the Court, although somewhat difficult to understand, have been intelligible and effective at conveying his message.  In addition, as discussed below, the defendant's motion for summary judgment will be denied.  The Court will continue to monitor the progress of this case, and if it appears to the Court that the need arises for counsel to be appointed, the Court may reconsider.  At this time, however, the motion will be denied.

### III.   Defendant's Motion for Summary Judgment (#17)

The Prison Litigation Reform Act ("PLRA") requires that inmates exhaust all available administrative remedies prior to filing a lawsuit with the Court.  42 U.S.C. § 1997e(a).  SECC has an inmate grievance process established by the Missouri Department of Corrections.

> To initiate this process, an inmate must file an Informal Resolution Request ("IRR") within fifteen days of the date of the incident giving rise to the IRR. If the inmate is dissatisfied with the response to his IRR, he can file an Offender Grievance within seven working days of receiving the response. If the inmate is dissatisfied with the response to his Grievance, he can file a Grievance Appeal within seven days of receiving that response. The failure to file timely appeal will result in the appeal being considered abandoned. Only after the inmate receives a response to his Appeal is the administrative grievance procedure exhausted.

*Wewerka v. Roper*, No. 4:09CV1973 CDP, 2010 WL 4628093, at *2 (E.D. Mo. Nov. 8, 2010); *see also Dykes v. Murphy*, No. 4:09CV1062 HEA, 2010 WL 2287496, at *4 (E.D. Mo. Jun. 3, 2010); *Hahn v. Armstrong*, 1:08CV0169 LMB, 2010 WL 575748, at *3 (E.D. Mo. Feb. 11, 2010); DOC Policy D5-3.2, § III.

Defendant contends that plaintiff did not exhaust his administrative remedies because he did not file an IRR within fifteen days of the conduct complained of. As a result, defendant says, plaintiff's claim is unexhausted and must be dismissed pursuant to the PLRA. *See* 48 U.S.C § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court.").

Defendant, however, fails to address or even acknowledge a critical aspect of plaintiff's complaint. Plaintiff did file an IRR with respect to defendant's reading plaintiff's legal mail, but he filed it on January 18, 2011, two months after the incident, which occurred on November 15, 2011. The IRR, which was attached to plaintiff's complaint, states that he attempted to obtain an IRR within the fifteen-day time period, but that he was refused access to an IRR by the defendant and by another prison official. He also states in the IRR that "I was not given an IRR until 1/11/12 [nearly two months after the incident] after I wrote Central Office requesting one." The prison's response to the IRR denied any relief because, despite acknowledging that plaintiff had sought and was denied an IRR, plaintiff had filed the IRR more than fifteen days after the incident. In his Grievance, plaintiff stated "I am not beyond the time to file on this incident. As outlined in my IRR, I timely requested an IRR after this incident from the caseworker, the [functional unit manager], and even the warden. My family even called the institution and inquired about the matter." The prison's response to the Grievance again acknowledges that he

was denied an IRR form but denied the appeal due to plaintiff's failure to file the IRR within fifteen days.  Plaintiff then filed a Grievance Appeal stating that the denial of an IRR form excused his delay, and again the response to the Grievance Appeal stated only that he filed his IRR "well outside the time frame allowed."

     The Eighth Circuit held that § 1997e(a) "does not require exhaustion of *all* remedies; it requires the exhaustion of 'such administrative remedies as are available.'" *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001) (quoting 48 U.S.C. § 1997e(a)).  "[A]  a remedy that prison officials prevent a prisoner from 'utiliz[ing]' is not an 'available' remedy under § 1997e(a)." *Miller*, 247 F.3d at 740 (quoting *Johnson v. Garraghty*, 57 F. Supp. 2d 321, 329 (E.D.Va. 1999).  In *Miller*, the district court had ruled that plaintiff had not exhausted his administrative remedies, but plaintiff had alleged that prison officials had refused him access to grievance forms.  *Id*.  The Eighth Circuit held that the plaintiff's allegations had raised "an inference that he was prevented from utilizing the prison's administrative remedies" and that plaintiff's allegations "may establish compliance with the statutory exhaustion requirement." *Id.*

     Plaintiff's situation here is analogous.  Plaintiff's complaint makes clear that he tried to obtain an IRR form, but that he was refused.  This Court therefore cannot say, as a matter of law, that it appears from the face of plaintiff's complaint that he failed to exhaust "available" remedies in violation of the PLRA.  Defendant's memorandum offers no explanation or counter-argument to the Eighth Circuit precedent on this matter, and the defendant's motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for extension of time to pay filing fee (#11) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motions for appointment of counsel (#7, #20, #23) is **DENIED** without prejudice at this time.

**IT IS FINALLY ORDERED** that defendant's motion for summary judgment (#17) is **DENIED**.

Dated this  13th  day of May, 2013.

_____
UNITED STATES DISTRICT JUDGE