UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| BILLIE R. HALE, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) )   Case No. 1:12CV188 SNLJ |
| JACKIE COOPER, | ) ) ) |
|     Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion for summary judgment. Plaintiff has not filed a response and the time for doing so has expired. The motion is ripe for disposition. For the following reasons, the Court will grant the motion.

## I. Background

Plaintiff Billie Hale filed this 42 U.S.C. § 1983 claim against defendant Jackie Cooper who was a caseworker at Southeast Correctional Center (SECC) in Charleston, Missouri, when plaintiff was incarcerated at that facility. Plaintiff alleges that defendant read plaintiff's legal mail in violation of his First Amendment right. Defendant has filed a motion for summary judgment arguing he did not violate plaintiff's constitutional rights when he inspected plaintiff's legal mail to verify its source and check for contraband.

## II. Summary Judgment Standard

Pursuant to Federal Rule of Civil Procedure 56(a), a district court may grant a motion for summary judgment if all of the information before the court demonstrates that "there is no genuine issue as to any material fact and the moving party is entitled to

judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden is on the moving party. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op. Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). After the moving party discharges this burden, the nonmoving party must do more than show that there is some doubt as to the facts. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party bears the burden of setting forth affirmative evidence and specific facts by affidavit and other evidence showing that there is a genuine dispute of a material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Celotex*, 477 U.S. at 324.

The movant's statement of facts are deemed admitted if not specifically controverted by the opposing party. E.D. Mo. L.R. 4.01 (E). Even where all of movant's facts are deemed admitted, the Court must look at the entire record to determine whether summary judgment is warranted. "The Eighth Circuit has determined that when a plaintiff fails to respond adequately to a motion for summary judgment, a district court should not treat such a non-response as sufficient to dispose of the motion." *Lowry v. Powerscreen USB, Inc.*, 72 F.Supp.2d 1061, 1064 (E.D. Mo. 1999) (citing *Canada v. Union Electric Co.*, 135 F.3d 1211, 1213 (8th Cir. 1997). "Courts should proceed to examine those portions of the record properly before them and decide for themselves whether the motion is well taken." *Id.* "In so ruling, even on an unopposed motion for summary judgment, the court should review the facts in a light most favorable to the party who would be opposing the motion." *Id.*

**III.	Facts**

Plaintiff failed to specifically controvert defendant's statement of facts and, therefore, those facts are deemed admitted for this motion. *O'Connell v. Accurate Plumbing, LLC*, 4:04CV1368 FRB, 2005 WL 2176926, at *2 (E.D. Mo. Sept. 8, 2005) (citing *Northwest Bank & Trust Co. v. First Ill. Nat'l Bank*, 354 F.3d 721, 724-25 (8th Cir. 2003); *Harris v. Interstate Brands Corp.*, 348 F.3d 761, 762-63 (8th Cir. 2003)). The undisputed facts, as supported by the record, are set forth below.

Plaintiff Billie Hale is an inmate in the custody of the Missouri Department of Corrections. At all relevant times, he was housed at the Southeast Correctional Center in Charleston, Missouri. Defendant Jackie Cooper was a caseworker at Southeast Correctional Center until September, 2012. Defendant no longer works for the Missouri Department of Corrections.

On November 14, 2011, defendant notified plaintiff that he had received legal mail. This legal mail was sent by plaintiff's attorney for his criminal appeal, Timothy Forneris. Plaintiff went to defendant's office to retrieve the letter on November 15, 2011. Defendant opened the letter in plaintiff's presence. Defendant inspected the letter to verify that it did, in fact, come from a legal source. Defendant further inspected the letter for contraband. The inspection did not exceed twenty seconds.

When plaintiff was asked what harm he suffered, plaintiff responded "physical harm. It was emotional . . . It was – it was stressful. The man threw it at me . . . . There was information I didn't want him seeing. It was – it consists of individual names and phone numbers." This is the totality of the harm alleged by plaintiff. In his complaint,

3

plaintiff seeks injunctive relief. Specifically, he seeks an order securing defendant's termination from the Missouri Department of Corrections. Plaintiff also seeks court costs.

## IV. Discussion

Defendant moves for summary judgment arguing that he did not violate plaintiff's constitutional rights when he inspected plaintiff's mail to ensure that it was legal mail and that it did not contain contraband. Defendant further argues that this isolated incident does not give rise to a constitutional violation. Finally, defendant contends that plaintiff's claim fails because plaintiff has not shown that he was prejudiced resulting from the opening of the mail.[1] This Court agrees and will, therefore, grant summary judgment in favor of defendant.

Plaintiff complains of the opening of his legal mail on one occasion by defendant in plaintiff's presence. The undisputed evidence before this Court is that defendant opened the legal mail in plaintiff's presence to verify that it came from a legal source and to ensure that it did not contain contraband. Legal mail may be opened for inspection for contraband in the presence of the prisoner. *Wolff v. McDonnell*, 418 U.S. 539, 577 (1974); *Jensen v. Klecker*, 648 F.2d 1179, 1182 (1981). Further, "an isolated incident [of opening legal mail], without any evidence of improper motive or resulting interference with [the inmate's] right to counsel or to access to the courts, does not give rise to a

---

[1] Defendant also argues that he is entitled to qualified immunity and that plaintiff's claim for injunctive relief has been rendered moot because defendant no longer works for the Department of Corrections. The Court does not reach these issues because it finds that there is no constitutional violation.

4

constitutional violation." *Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997). Plaintiff has not provided any evidence of improper motive or that the opening of his legal mail interfered with this right to counsel, his access to the courts, or resulted in actual prejudice. This isolated incident, with no evidence of improper motive or prejudice, does not give rise to a constitutional violation.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment (ECF #44) is **GRANTED**. A separate judgment shall accompany this Memorandum and Order.

Dated this 18th day of February, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE